**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DAVID A. SZAFRANSKI,** ) | **CASE NO. 1:18 CV 2960** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **CLEVELAND DIVISION OF POLICE,** ) | **AND ORDER** |
| ) | |
| **Defendant.** ) | |

*Pro se* Plaintiff David A. Szafranski filed this action under the Freedom of Information Act ("FOIA") against the Cleveland Police Department. In the Complaint (Doc. # 1), Plaintiff asserts the Cleveland Police Department repeatedly denied his requests for copies of emails between officers. He seeks the copies of the emails.

The Defendant responded by filing a Motion to Dismiss under Federal Civil Procedure Rules 12(b)(1) and 12(b)(6) (Doc. #4). They assert they are not *sui juris,* meaning they are not a legal entity that can sue or be sued. Moreover even if they could be sued, Plaintiff has not established a plausible basis for federal court subject matter jurisdiction. For the reasons stated below, the Motion to Dismiss (Doc. #4) is **GRANTED** and this action is dismissed.

## I. BACKGROUND

Plaintiff's Complaint does not contain many factual allegations. Plaintiff attaches four public records requests to the Defendant asking for emails sent by two officers on two different

dates. The Defendant responded to each request by stating that the request was overbroad and invited Plaintiff to narrow his search parameters. Plaintiff then filed this suit under the Freedom of Information Act ("FOIA") seeking to compel the Defendant to produce the documents he requested.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed.R.Civ.P. 12(b)(1). Generally, Fed.R.Civ.P. 12(b)(1) Motions fall into two categories: facial attacks and factual attacks. Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir.1994). A facial attack challenges the sufficiency of the pleading itself. In contrast, a factual attack challenges the factual existence of subject matter jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884-85 (N.D. Ohio 2010), citing, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997). The Defendants facially attack subject matter jurisdiction, and this Court therefore must accept the Plaintiff's material allegations in the Complaint as true. *Ritchie*, 15 F.3d at 598. The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

## III. ANALYSIS

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the

Constitution and Congress have empowered them to resolve. *Id.*

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded Complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists his address as Avon, Ohio. The Defendant is a sub-unit of an Ohio municipality. The citizenship of the parties does not appear to be diverse. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. As written, the Complaint does not establish federal court jurisdiction based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. Here Plaintiff indicates he is bringing this action under FOIA. FOIA, however, is applicable only to federal agencies. §5 U.S.C. 551(1). The named Defendant in this case is a subdivision of a municipality. Municipalities do not fall within the statutory definition of a

federal agency. *See* §5 U.S.C. 551(1)(A)-(H). FOIA cannot serve as the basis for federal question jurisdiction. Plaintiff does not assert any other claims based on federal statutes and none are apparent on the face of the Complaint.

### IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. #4) is **GRANTED** and this action is **DISMISSED** pursuant to Federal Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

/s/ Dan Aaron Polster   3/27/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-4-